UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-01637-JVS-JDE | Date | October 4, 2024 |
| Title | J.A.V., a minor et al. v. PC Group Retail LLC et al. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Motion for Leave to Amend First Amended Complaint and to Remand [23]**

    Plaintiff J.A.V., a minor, moves for leave to amend his First Amended Complaint against Defendants PC Group Retail, LLC ("PC Group") and Schindler Elevator Corp. ("Schindler") and, in light of his proposed amendment, moves to remand the case to state court. (Mot., Dkt. No. 23.) Defendants opposed the motion. (Opp'n, Dkt. No. 27.)

    For the following reasons, the Court **GRANTS** J.A.V.'s motion for leave to amend and **GRANTS** J.A.V.'s motion to remand.

### I. BACKGROUND

    This case alleges personal injuries sustained by J.A.V. when his foot was caught in an escalator at Pacific City Shopping Center ("Pacific City") located in Huntington Beach, California on July 5, 2023. (Mot. at 4.) On April 26, 2024, J.A.V. filed suit against DJM Capital Partners, Inc. ("DJM") and "DOES 1 through 50, inclusive" in Orange County Superior Court, alleging common carrier liability, negligence, and premises liability. (Id. Ex. A, at 2.) Subsequently, on May 30, 2024, J.A.V. filed a First Amended Complaint, leaving out DJM and substituting in PC Group, Schindler, and "DOES 1 through 50, inclusive" as defendants, alleging common carrier liability/agency, negligence, and premises liability. (Id. Ex. B, at 2.) On July 25, 2024, Schindler removed the case to federal court based on diversity jurisdiction and, on August 19, 2024, filed an answer to J.A.V.'s Complaint. (Id. at 3-4, 10.) PC Group joined the motion to remand and filed its own answer on August 1, 2024. (Id. at 10.) J.A.V. asserts that DJM and CREC Management Inc. ("CREC") were inadvertently omitted from the First Amended Complaint. (Id. at 15.) J.A.V. now seeks leave to amend his Complaint

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-01637-JVS-JDE | Date | October 4, 2024 |
| Title | J.A.V., a minor et al. v. PC Group Retail LLC et al. | | |

to add additional causes of action for Strict Liability and Breach of Express and Implied Warranties, and to add additional defendants DJM and CREC. (Id. at 3.) Because the addition of DJM and CREC would destroy diversity, J.A.V. also moves to remand the case to state court. (Id.)

## II. LEGAL STANDARD

A. Leave to Amend

Following the period when pleadings may be amended "as a matter of course," a party must request leave to amend from the Court. Fed. R. Civ. P. 15(a)(2). Courts "should freely give leave when justice so requires," applying the policy of amendment "liberally." Id.; Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). However, when the proposed amendment would destroy diversity, courts apply the discretionary standard of 28 U.S.C. § 1447(e). ("[I]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."). In doing so, courts analyze several factors: (1) whether joinder is required under Rule 19(a); (2) whether the statute of limitations would preclude the plaintiff from filing an action against the non-diverse defendant if denied; (3) whether there was an unexplained delay in seeking joinder; (4) whether the motive for joinder was solely to defeat federal jurisdiction; (5) whether the claims against the non-diverse defendant appear valid; and (6) whether denying joinder would prejudice the plaintiff. Khachunts v. Gen. Ins. Co. of Am., 682 F. Supp. 3d 827, 832–33 (C.D. Cal. 2023) (citation omitted); see Clinco v. Roberts, 41 F. Supp. 2d 1080, 1082 (C.D. Cal. 1999); Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998).[1]

B. Remand

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court so long as original jurisdiction would lie in the court to which the action

---

[1] The Court notes that J.A.V. did not use this standard in his motion. Rather, J.A.V. incorrectly utilized the standard set forth in Fed. R. Civ. P. 15(a). (Mot. at 10.) The Court has considered J.A.V.'s analysis in its decision, but exclusively applies the discretionary standard of 28 U.S.C. § 1447(e) in this order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-01637-JVS-JDE | Date | October 4, 2024 |
| Title | J.A.V., a minor et al. v. PC Group Retail LLC et al. | | |

is removed. City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997). According to the Ninth Circuit, courts should "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Doubts as to removability should be resolved in favor of remanding the case to the state court. Id. This "'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (quoting Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)).

### III. DISCUSSION

The Court will begin by addressing J.A.V.'s motion for leave to amend, followed by the motion to remand, because determination of the latter depends on the former.

A. Motion for Leave to Amend

   i. *Amendment Seeking to Add Two New Causes of Action*

In the absence of an "apparent or declared reason," such as undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by prior amendments, prejudice to the opposing party, or futility of amendment, it is an abuse of discretion for a district court to refuse to grant leave to amend a complaint. Foman v. Davis, 371 U.S. 178, 182 (1962); Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir. 1989). The consideration of prejudice to the opposing party "carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility, or where the amended complaint would also be subject to dismissal." Steckman v. Hart Brewing, 143 F.3d 1293, 1298 (9th Cir. 1998) (internal citations omitted).

J.A.V. seeks leave to amend his Complaint to add additional causes of action for Strict Liability and Breach of Express and Implied Warranties. (Mot. at 3.) Neither party has made any indication that such an amendment would be futile or subject to dismissal, or that the amendment is sought in bad faith. Thus, applying the policy of amendment liberally, the Court grants J.A.V.'s motion for leave to add two new causes of action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-01637-JVS-JDE | Date | October 4, 2024 |
| Title | J.A.V., a minor et al. v. PC Group Retail LLC et al. | | |

    *ii. Amendment Seeking to Join a Non-Diverse Party*

  J.A.V. moves to amend his Complaint and join DJM and CREC as defendants, which would result in the destruction of complete diversity. As noted, in cases such as this, courts analyze multiple factors in weighing whether to join a non-diverse party. The Court will address each in turn.

    (1) <u>Whether Joinder is Required by Rule 19(a)</u>

  When determining whether a non-diverse party may be added under Section 1447(e), courts utilize the joinder test under Rule 19. Fed. R. Civ. P. 19(a); <u>IBC Aviation Srvs. v. Compania Mexicana de Aviacion</u>, 125 F. Supp. 2d 1009, 1011 (N.D. Cal. 2000). However, in doing so, courts remain cognizant that the Section 1447(e) standard is more permissive than the Rule 19 standard. <u>Id.</u> Rule 19 requires a party to be joined when, in that party's absence, "the court cannot accord complete relief among existing parties," or whose absence would impede their ability to protect their interests or would subject any of the parties to the danger of inconsistent obligations. <u>Id.</u>

  J.A.V. argues that DJM and CREC are necessary defendants because "their respective roles in managing the property at different times are directly relevant to the case, and their inclusion is essential for a full and fair adjudication of the claims." (Mot. at 7.) First, J.A.V. claims that CREC was "responsible for the maintenance and repairs at the shopping center at the time of the incident." (<u>Id.</u> at 7.) As such, CREC's joinder is "critical to establishing whether they fulfilled their duties properly and to identify any lapses, malfunctions, complaints, etc., that could have contributed to the injury." (<u>Id.</u>) In contrast, PC Group and Schindler argue that PC Group "contracts exclusively" with Schindler for the repair and maintenance of Pacific City's escalators. (Opp'n at 2.) Thus, while CREC manages the renting of space at Pacific City, CREC "plays no role in the repair and maintenance of escalators." (<u>Id.</u>) The Court is not prepared to resolve this factual dispute in favor of either party.[2] It is possible that CREC, as manager of the property, communicated with Schindler regarding escalator maintenance. As such, the Court finds that this factor weighs in favor of adding CREC to the Complaint.

---

  [2] The Court further notes that neither party submitted any exhibits or declarations to support their allegations regarding CREC's management role.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-01637-JVS-JDE | Date | October 4, 2024 |
| Title | J.A.V., a minor et al. v. PC Group Retail LLC et al. | | |

Second, J.A.V. alleges that DJM owned and managed Pacific City until January 11, 2021, during which time it was responsible for overseeing all maintenance and repairs. (Mot. at 6.) J.A.V. claims that DJM may have performed or overseen repairs to the escalator which directly caused J.A.V.'s injury. (Id. at 6-7.) Thus, a thorough examination of DJM's actions and potential negligence is necessary to J.A.V.'s claim. (Id.) In contrast, the Defendants argue that, as a prior owner of Pacific City, DJM owed no duty of care to J.A.V. (Opp'n at 4.) Therefore, J.A.V. has no viable cause of action against DJM. (Id.) Although the Defendant's argument is convincing as to DJM, the Court need not make a determination regarding DJM at this time. Because joinder may be required under Rule 19(a) for CREC, this factor weighs in favor of J.A.V.

(2)    Statute of limitations

The statute of limitations factor weighs in favor of the Defendants. J.A.V. alleges he suffered injuries in July of 2023. (Mot. at 3-4.) He initially filed his Complaint in state court on April 26, 2024, within the two-year statute of limitations. See Cal. Civ. Proc. Code § 335.1. As of the date of this order, the statue of limitations has not expired. Therefore, this factor weighs in favor of denying J.A.V.'s motion.

(3)    Unexplained Delay in Seeking Joinder

The third factor weighs in favor of J.A.V. "When determining whether to allow amendment to add a nondiverse party, courts consider whether the amendment was attempted in a timely fashion." Clinco, 41 F. Supp. 2d at 1083. J.A.V. filed his motion to remand less than 30 days after the Defendants moved the case to federal court. Additionally, J.A.V's Complaint in state court originally named DJM as a defendant, and J.A.V. stated that DJM was "mistakenly omitted" from the First Amended Complaint. (Mot. at 6.) Further, J.A.V.'s Complaint and First Amended Complaint included "DOES 1 through 50, inclusive" as a named party. (Id. Ex. A, at 2.) This indicates J.A.V. intended to include additional defendants in the suit but did not name them until he discovered their identity.

Moreover, courts have held that amendments several months after the case was removed, or even originally filed, is timely under Section 1447(e) if "no dispositive motions have been filed" and the "discovery completed thus far will be relevant whether the case is litigated in [federal] court or state court." Negrete v. Meadowbrook Meat

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-01637-JVS-JDE | Date | October 4, 2024 |
| Title | J.A.V., a minor et al. v. PC Group Retail LLC et al. | | |

Co., 2012 WL 254039, at *4-5 (C.D. Cal. Jan. 25, 2012 (citing Yang v. Swissport USA, Inc., 2010 WL 2680800, at *4 (N.D. Cal. July 6, 2010). Here, no dispositive motions have yet been filed, and no discovery has commenced. (Mot. at 11.) Therefore, the Court finds there has been no unexplained delay in seeking joinder.

(4)   Motive to Defeat Federal Jurisdiction

Similarly, the fourth factor weighs in favor of J.A.V. Courts may consider the motive of a plaintiff seeking to join a non-diverse party when determining if leave to amend should be granted. Desert Empire Bank v. Ins. Co. of N. Am., 623 F.2d 1371, 1376 (9th Cir. 1980). However, there is a presumption that a plaintiff's sole purpose is not to defeat federal jurisdiction. See Hamilton Materials, Inc. v. Dow Chemical Corp., 494 F.3d 1203, 1206 (9th Cir. 2007). Here, the Court finds no indication of a bad faith motive on the part of the Plaintiff. Both DJM and CREC have had some control over Pacific Center at one point in time, and J.A.V. has stated that his motion to amend reflects his "ongoing efforts to involve all potentially liable parties and adapt to the evolving procedural landscape." (Mot. at 11.) Further, PC Group was likely aware of these potential defendants at the time of the original filing. DJM was named as a defendant in the original Complaint, and PC Group was aware that it contracted with CREC in regards to Pacific City. (Id. at 6, 11-12.) Thus, J.A.V. has a plausible motive for joining DJM and CREC outside of defeating federal jurisdiction.

(5)   Validity of Claims Against Non-Diverse Defendant

Neither party has convinced the Court of the facial validity of the claims against DJM and CREC. Thus, because the policy of amendment is applied liberally, and because doubts as to removability should be resolved in favor of remanding the case to state court, the Court finds that this factor weighs in favor of J.A.V. for purposes of this motion. Fed. R. Civ. P. 15(a)(2); Morongo Band of Mission Indians v. Rose, at 1079; Gaus v. Miles, Inc., at 566.

PC Group and Schindler oppose J.A.V.'s motion on the basis that there is no valid cause of action against either party under California law. (Opp'n at 1.) First, the Defendants argue that J.A.V.'s assertion that CREC is responsible for maintaining and repairing Pacific Center's escalators is "demonstrably false." (Id. at 4-5.) The opposition states that PC Group "contracts exclusively" with Schindler for the repair and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. 8:24-cv-01637-JVS-JDE    Date October 4, 2024

Title J.A.V., a minor et al. v. PC Group Retail LLC et al.

maintenance of Pacific City's escalators. (Id. at 2.) Thus, while CREC manages the renting of space at Pacific City, CREC "plays no role in the repair and maintenance of escalators." (Id.) These assertions directly contradict J.A.V.'s allegation that CREC "had a duty to properly inspect, examine, repair and maintain the ESCALATOR at Pacific City Shopping Center." (Mot. at 13.) The Court is unwilling to resolve this factual dispute in favor of either party at this time.

Additionally, the Defendants argue that "CREC's mere status as a management company is not sufficient to create a legal duty." (Opp'n at 5.) The Defendants cite to Takashi Kataoka v. May Dept. Stores Co., in which the plaintiff sued the owner and manager of a store after a child sustained injuries from the store's escalator. 60 Cal.App.2d 177, 179-180, 186 (1943). The court in this case held that "the floor manager in charge of the department of the store where plaintiff was injured" could not be held liable to the plaintiff because he was not in charge of the operation of the escalator. (Id. at 186.) Thus, the Defendants argue that, like the manager in Takashi, CREC cannot be held liable for any deficiency in the escalator. (Opp'n at 5.) However, the Court is unpersuaded by this argument. Even if CREC was not in charge of the escalator's maintenance, the pleadings suggest that CREC managed the entire building, rather than a single floor of a store. If CREC did in fact manage the building, it may have had more control over the escalator than the defendant in Takashi. Again, because the parties have provided conflicting assertions as to CREC's management role at Pacific City, the Court resolves this issue in favor of J.A.V. for the purposes of the motion.

Second, the Defendants argue that, as a prior owner of Pacific City, DJM owed no duty of care to J.A.V. (Opp'n at 4.) Thus, J.A.V. has no viable cause of action against DJM. (Id.) The opposition cites three cases tending to prove that "a prior owner of real property is not liable for injuries caused by a defective condition on the property long after the owner has relinquished ownership and control, even if the prior owner negligently created the condition." Lewis v. Chevron U.S.A., Inc., 119 Cal.App.4th 690, 692 (Cal. App. 2004); Lorenzen-Hughes v. MacElhenny, Levy & Co., 24 Cal.App.4th 1648 (Cal. App. 1994); Preston v. Goldman, 720 P.2d 476 (Cal. 1986). The Court finds these cases persuasive. However, because J.A.V. may have a valid claim against CREC, this factor weighs in favor of J.A.V., and the Court declines to determine the validity of J.A.V.'s claim against DJM at this time.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-01637-JVS-JDE | Date | October 4, 2024 |
| Title | J.A.V., a minor et al. v. PC Group Retail LLC et al. | | |

(6)     Prejudice to Plaintiff

The final factor does not weigh in favor of either party. Although J.A.V. has stated that the inclusion of the Defendants "is essential for a full and fair adjudication of the claims," the statute of limitations has not expired in this case. (Mot. at 7.) Thus, the Court does not resolve this factor in favor of either party.

Given the analysis above, the Court finds that a majority of the relevant factors weigh in favor of granting J.A.V.'s motion

B.     Motion to Remand

1.     *Diversity Jurisdiction*

Having found a majority of the relevant factors in the Section 1447(e) analysis weigh in favor of granting J.A.V.'s motion, the Court now examines whether such joinder would destroy complete diversity, and require remand. The Court finds it does. Both DJM and CREC are California corporations. (Mot. at 7.) Thus, inclusion of these defendants necessitates a remand to Orange County Superior Court.

2.     *Fraudulent Joinder*

PC Group and Schindler argue that J.A.V. seeks to add DJM and CREC in an attempt to defeat diversity and, thus, the parties' citizenship should not be considered for purposes of federal jurisdiction. (Opp'n at 1.)

Under 28 U.S.C. § 1332, federal jurisdiction is proper if (1) there is complete diversity between the parties and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). There is "complete diversity between the parties" only if "each defendant is a citizen of a different State from each plaintiff." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978) (emphasis omitted). But a well-established exception to the requirement of complete diversity arises "where a non-diverse defendant has been 'fraudulently joined'" or is otherwise known as a sham defendant. Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). Joinder of a non-diverse defendant is deemed fraudulent "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-01637-JVS-JDE | Date | October 4, 2024 |
| Title | J.A.V., a minor et al. v. PC Group Retail LLC et al. | | |

<u>McCabe v. Gen. Foods Corp.</u>, 811 F.2d 1336, 1339 (9th Cir. 1987). The removing party asserting fraudulent joinder "carries a heavy burden of persuasion" in making this showing. <u>Nelson v. Diebold Inc.</u>, No. CV 15-00846, 2015 WL 4464691, at *1 (C.D. Cal. July 21, 2015). Therefore, where there is doubt as to whether the plaintiff states a cause of action against the defendant, "the doubt is ordinarily resolved in favor of the retention of the case in state court." <u>Albi v. Street & Smith Publ'ns., Inc.</u>, 140 F.2d 310, 312 (9th Cir. 1944). "If there is a non-fanciful possibility that plaintiff can state a claim under California law against the non-diverse defendants the court must remand." <u>Macey</u>, 220 F. Supp. 2d at 1117.

As stated above, J.A.V. likely has stated a valid cause of action against CREC. Defendants have not met the high burden of proving fraudulent joinder. As such, remand of this case to state court is proper.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** J.A.V.'s motion for leave to amend and **GRANTS** J.A.V.'s motion to remand the case to Orange County Superior Court.

**IT IS SO ORDERED.**

The Court **VACATES** the October 7, 2024, hearing.